A96A0329. MATTHEWS v. THE STATE.
(470 SE2d 518)

BLACKBURN, Judge.

Kenneth Michael Matthews appeals his conviction of aggravated child molestation.

1. Matthews contends that the trial court erred in permitting the testimony of a teacher bolstering the credibility of one of the victims. Matthews did not object to the teacher's testimony, however, until after several questions intending to bolster the victim's credibility were asked and answered, and the State had already finished its redirect examination of the witness and Matthews had begun his recross-examination.

If an objection is not raised until after evidence has already been admitted without objection, the objection will be deemed waived. *Brown v. State*, 191 Ga. App. 357, 358 (381 SE2d 543) (1989). Although an exception to this general rule may apply under *Cross v. State*, 196 Ga. App. 714, 716 (397 SE2d 125) (1990), when questions and answers are made in a very fast exchange and the attorney ob-

---

[1] Sirmons does not raise breach of warranty arguments. See generally *Ellis v. Rich's, Inc.*, 233 Ga. 573 (212 SE2d 373) (1975).

jects as soon as possible, the instant case did not involve such an exchange. Therefore, Matthews' failure to make a timely objection precludes our review of this alleged error.

2. Matthews contends that the trial court erred in permitting a witness to testify about an alleged statement Matthews made while in custody because the State failed to comply with former OCGA § 17-7-210 by furnishing him with a copy of the custodial statement at least ten days prior to trial. Although former OCGA § 17-7-210 was repealed effective January 1, 1995, it is still applicable to the instant case because Matthews was indicted prior to such date.

Former OCGA § 17-7-210 (a) provided that a "defendant shall be entitled to have a copy of any statement given by him while in police custody" upon written request. To have constituted a valid demand for discovery under OCGA § 17-7-210 a specific written request must have been made. *Carter v. State*, 181 Ga. App. 117 (351 SE2d 516) (1986). The request must either make specific reference to the Code section or make it clear that written copies of the defendant's own statements are to be furnished to the defense at least ten days prior to trial. *McCarty v. State*, 249 Ga. 618, 620 (292 SE2d 700) (1982). No such written request was made in the instant case. Therefore, the State was under no obligation to comply with former OCGA § 17-7-210.

3. Matthews contends that the trial court erred in allowing certain impeachment testimony without instructing the jury that the testimony could not be used as evidence of a confession.

Matthews' wife testified that she did not remember ever telling her mother that Matthews hoped their children, the alleged victims, would forgive him. To impeach this testimony, the State had Matthews' mother-in-law testify that her daughter told her that Matthews thought his children had forgiven him. Even though Matthews made no request that a limiting instruction be given, he contends that the judge erred in failing to instruct the jury that the impeachment testimony of Matthews' mother-in-law could not be used as evidence of a confession because it would be hearsay when considered for that purpose. In support of his argument, Matthews cites *Colbert v. State*, 124 Ga. App. 283, 285 (183 SE2d 476) (1971), which states "where inadmissible evidence as to a confession is offered and admitted, its admission constitutes reversible error, unless the jury is expressly instructed that the evidence is admitted for the purpose of impeachment only, *whether or not a request to so charge be made, and whether or not any exceptions are made to the charge as given.* [Cit.]" (Emphasis supplied.)

Matthews failed to point out, however, that *Colbert* involved a situation in which the failure of the trial court to give a limiting instruction would have contravened the defendant's Fifth Amendment

rights concerning self-incrimination because the prior inconsistent statements sought to be admitted were obtained in violation of *Miranda*. Therefore, "it is not unreasonable to require a trial judge to instruct the jury on the limitation placed upon the use of the evidence, even where no request for such instructions is made." *State v. Byrd*, 255 Ga. 665, 668 (341 SE2d 455) (1986). As noted in *Byrd*, a different standard applies when, as in the instant case, only evidentiary considerations are involved. Because evidentiary considerations "carry less weight than rights under the Fifth Amendment," it is "reasonable and proper to insist upon a request by a defendant who wishes to have the trial judge give limiting instructions for impeachment evidence." Id. Therefore, because Matthews failed to request that a limiting instruction be given, he cannot complain about its absence for the first time on appeal.

4. Matthews contends that, under the facts and circumstances of his case, we should carve out an exception to the rule that the polygraph test results are inadmissible absent an express stipulation to the contrary between the parties. See *Collar v. State*, 206 Ga. App. 448, 449 (426 SE2d 43) (1992).

Matthews relies heavily upon the argument that, because he did not have counsel at the time he was enticed to take the polygraph test, and thus was unaware that the results would not be admissible in court absent an express stipulation to the contrary between the parties, it is unfair to not let him introduce his favorable results. This Court has previously rejected this line of reasoning. See *McGraw v. State*, 199 Ga. App. 389, 393 (405 SE2d 53) (1991) (refusing to recognize a theory of an implied stipulation). Upon reflection, we decline Matthews' invitation to change existing law.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 9, 1996.

*J. Calhoun Barrs*, for appellant.

*Lydia J. Sartain, District Attorney, Jessica K. Moss, Assistant District Attorney*, for appellee.