### A98A1273. TAYLOR v. THE STATE.
(501 SE2d 875)

ELDRIDGE, Judge.

The appellant, William Eugene Taylor, was convicted of burglary, robbery, and theft by taking. In three enumerations of error, Taylor challenges the sufficiency of the evidence.

Viewing the evidence in the light most favorable to the jury's verdict, it shows that on August 7, 1996, at approximately 5:00 p.m., Mozelle Harding's pickup truck broke down at a liquor store on Cedar Grove Road where she was picking up cardboard boxes for recycling. When Harding's truck would not start, Taylor approached Harding and offered to assist her in the repair of her truck. Taylor indicated to Harding that he knew someone who could fix the truck for her. Harding left the liquor store with Taylor driving her truck.

They drove to Harding's house, which she shared with her elderly twin sister, Rozelle Askew, so that Harding could get some money to buy a part for the truck. After leaving Harding's house, they went to the recycling center and then to a small country store on Highway 54 where Taylor said the truck could be repaired. During the trip, Taylor identified himself to Harding as William Eugene Taylor and stated that he was from Ohio.

At the store on Highway 54, Harding gave Taylor approximately $140 to purchase the part for her truck. Taylor left the store with another man to allegedly purchase the truck part and never returned. At approximately 7:00 p.m., Harding called a tow truck,

---

[18] Id.
[19] See *In the Interest of S. D. J.*, 215 Ga. App. 779, 780 (452 SE2d 155) (1994).

which arrived several hours later. Harding finally arrived back at her home at approximately 11:30 p.m.

At approximately 6:00 the next morning, Taylor returned to the home of Harding and Askew, broke out a pane of glass near the lock on the front door and entered the house. Askew heard Taylor's forced entry and yelled "who is it" from her bedroom. Taylor pushed the door open to Askew's room, grabbed her, and demanded that she give him money. Askew gave him all the money she had, which was located in the pockets of a pair of pants she had lying on a chair. Askew could not state at trial the exact amount of money Taylor took, but knew it was in excess of $100 because she had "some $100 bills in there."

Harding woke to the sound of her sister's screams. She got out of bed and started down the hallway, turning on the lights. She found her sister being escorted up the hall by Taylor. Taylor grabbed Harding and threatened to kill her if she did not give him money. After taking what money Harding had, Taylor fled out the front door.

Harding testified that, when Taylor grabbed her, she was able to see him clearly and recognized him as the man who had taken her money the previous day. Harding also testified that, while Taylor was holding her, she noticed a tattoo on his right arm that read "William." She had noticed the same tattoo on Taylor the previous day while she was riding in the truck with him.

Both Harding and Askew were separately able to identify Taylor in a photographic lineup as the perpetrator of the crimes against them. Askew positively identified Taylor at trial. At trial, Harding testified that her distance vision was poor and she could not see well enough at a distance to identify Taylor. However, when the prosecutor showed Harding the photographic lineup that she had previously viewed, she once more made a positive identification of Taylor.

In a statement given to police, Taylor admitted that he had met an older black female at Wood's package store and helped her when her vehicle broke down. He further stated that he went to her house in the process of helping her. Taylor denied robbing anyone. Investigator Scott Crumbly of the Clayton County Police Department testified that, during the interview, Taylor showed him the tattoo on his right arm which read "William" and he took a picture of it. Harding testified at trial that the tattoo of the perpetrator was identical to the tattoo in the picture taken by Investigator Crumbly.

When reviewing a conviction, this Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). Any inconsistencies in the victims' testimony, as well as the inability of Harding, who had prior to trial made a posi-

tive identification of Taylor from a photographic lineup and had testified she had poor distance vision, to make a positive identification of Taylor in the courtroom other than from the photographic lineup, go to the weight and credibility of the witnesses' testimony; such issues are for the jury to weigh. *Sherman v. State*, 225 Ga. App. 869 (485 SE2d 557) (1997); *Jones v. State*, 220 Ga. App. 236 (469 SE2d 379) (1996). "This Court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." (Citation and punctuation omitted.) *Kapua v. State*, 228 Ga. App. 193, 195 (491 SE2d 387) (1997).

Viewed in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find Taylor guilty of burglary, robbery, and theft by taking beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED APRIL 30, 1998.

*Lee Sexton & Associates, Robert L. Ferguson,* for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney,* for appellee.