## A98A2417. SHELTON v. THE STATE.
(512 SE2d 17)

BARNES, Judge.

Sterling Shelton appeals from his convictions of driving under the influence of alcohol to the extent it was less safe for him to drive (OCGA § 40-6-391 (a) (1)), possession of alcohol by an underage person (OCGA § 3-3-23) and failure to maintain a lane (OCGA §§ 40-6-

48 and 40-6-1). We affirm.

1. In his first enumeration of error, appellant contends the trial court erred when it admitted into evidence copies of the uniform traffic citations issued to him for driving under the influence and failure to maintain a lane. The record shows these citations were offered by the State after the police officer was cross-examined about the existence of a slope in the area where Shelton performed field sobriety tests. Shelton's counsel attempted to establish the existence of the slope by asking the officer about the accumulation of water in the parking lot after a heavy rain. On re-direct, the State asked the officer whether he had made notations on the citations about the weather and pavement conditions. After reviewing the citations, the officer answered that he had noted on the citations that the weather was "clear and dry" and the pavement was "blacktop surface level." The State then moved to admit the citations into evidence, and appellant objected on the grounds that they were cumulative of the officer's testimony. The only other objection raised by appellant was that it was improper for the State to submit the citation into evidence when it had already drawn up a formal accusation. The trial court overruled these objections.

On appeal, appellant asserts the trial court erred when it allowed the citations into evidence based upon two objections which were never raised in the trial court. First, appellant asserts that since the citations could have served as an accusation,[1] they are inadmissible because accusations cannot serve as evidence. See *Graves v. State*, 269 Ga. 772, 774 (3) (504 SE2d 679) (1998). Second, appellant asserts the citations should not have been admitted because they contained information which was prejudicial to the defense. By failing to raise these specific objections in the trial court, appellant has failed to preserve these issues for our review. *Kinney v. State*, 234 Ga. App. 733, 736 (4) (506 SE2d 441) (1998); *Allison v. State*, 217 Ga. App. 580 (459 SE2d 557) (1995).

2. By failing to request it below, appellant has also waived his claim that the trial court should have given a limiting instruction to the jury about the purpose for which the traffic citations were admitted. *Matthews v. State*, 221 Ga. App. 129, 131 (3) (470 SE2d 518) (1996).

3. In his final enumeration of error, appellant asserts the trial court erred when it gave the following instruction to the jury: "it is not necessary for the State to show that the accused was drunk. It is sufficient that the State shows, beyond a reasonable doubt, that the

---

[1] In this case, the citations did not serve as an accusation because the solicitor's office issued a separate accusation for the charges against appellant.

defendant was under the influence of alcohol to the extent that it was less safe for him to drive a car than it would have been if he were not so affected, whether drunk or not." According to appellant, the use of the undefined word "drunk" created a contradictory charge because "a juror may well consider that someone who is 'less safe to drive' is drunk while a person who is not 'less safe to drive' is not drunk." Based on this claimed perception, appellant argues that the trial court effectively charged the jury that "the State need not show that the Defendant was 'less safe to drive.'"

We find no error in the trial court's charge. This Court has already considered and upheld similar charges which advised the jury that a defendant does not have to be drunk in order for him to be a less safe driver. *Brownlee v. State*, 225 Ga. App. 311, 312-313 (1) (483 SE2d 370) (1997); *Mattarochia v. State*, 200 Ga. App. 681, 685 (5) (e) (409 SE2d 546) (1991).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 3, 1999 —
RECONSIDERATION DENIED FEBRUARY 23, 1999 —

*Head, Mullis, Thomas & Webb, Thomas J. Thomas*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Thomas E. Csider, Gwendolyn R. Keyes, Assistant Solicitors*, for appellee.