## A99A2316. WILLIS v. THE STATE.
### (527 SE2d 895)

JOHNSON, Chief Judge.

Reginald Willis appeals after being convicted of two counts of theft by taking and one count of burglary. He contends the trial court erred in (1) not granting a new trial when the evidence was insufficient to support his convictions; (2) allowing the prosecution to impeach his credibility by questioning him regarding an irrelevant matter; and (3) charging the jury that it could consider his interest in the outcome of the case in assessing his credibility as a witness. However, the evidence was sufficient; Willis waived any objection to the state's line of questioning; and the trial court's instruction has been approved by the Supreme Court of Georgia. Therefore, we affirm the convictions.

1. The evidence was sufficient to support the verdict. On appeal, we view the evidence in the light most favorable to the verdict; we determine the sufficiency of the evidence and do not weigh the evidence or judge the credibility of the witnesses. *Gunter v. State*, 237 Ga. App. 863, 864 (517 SE2d 105) (1999).

Viewed in the light most favorable to the verdict, the evidence

shows that on December 9, 1997, a laundromat attendant entered the facility in which she worked and noticed Willis standing near a clothes dryer which had an open, damaged coin compartment; when she was there earlier in the day, the machine was not damaged. Willis was the only person in the business at the time. As Willis started out the door, he told the attendant that children had damaged the coin compartment. The attendant saw his face clearly and noted he wore a University of Miami Hurricanes jacket, Army pants, and a black hat. She testified that she had seen Willis in the facility earlier that day and heard him ask a customer for money.

The attendant further testified that when she reported for work on the morning of December 13, 1997, she found that the front door, which had been locked for the night, had been pried open and several of the washers and dryers had been broken into. The attendant viewed a surveillance videotape and concluded that the person shown in the closed facility the night before was "the same one that did it the first time. He had on the same coat and same outfit."

The attendant testified that when she reported to work on December 15, she discovered that one of the dryers had again been broken into. She reviewed a surveillance videotape and recognized Willis' face. She testified that the man shown in the videotape was the same person involved in the other two crimes and added that he wore the same clothing as in the other incidents. The attendant stated that after she gave police a description of the perpetrator, officers brought Willis into the laundry facility where she identified him as the person who committed all three crimes. The surveillance videotapes were shown to the jury.

Willis took the stand on his own behalf. He testified that he lived less than a block away from the business, visited the laundromat on a regular basis, and was wearing his Miami Hurricanes jacket at the time police stopped him. He denied committing the crimes.

Willis argues that the evidence was insufficient because the attendant, the only alleged eyewitness to any of the incidents, told the investigator on December 9 that she was not sure if she could pick Willis out of a photographic lineup; she did not actually see him on December 13, but saw only the videotape of that incident, and his face was not visible on the tape; and the clothing worn by the perpetrator and by Willis was not unique.

Willis' arguments regarding the identification testimony go to the weight and credit to be given the evidence by the trier of fact and not to the sufficiency of the evidence. See *Peek v. State*, 234 Ga. App. 731, 732 (1) (507 SE2d 553) (1998). Whether the witness is credible and whether her identification should be accepted are questions for the jury. *Shropshire v. State*, 223 Ga. App. 118 (1) (476 SE2d 859) (1996); *Spivey v. State*, 193 Ga. App. 127, 129 (1) (386 SE2d 868)

(1989). It is not for this court to determine the credibility of the identification. *Shropshire*, supra. The transcript reveals ample evidence from which any rational trier of fact could have found Willis guilty of the crimes charged beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Taylor v. State*, 232 Ga. App. 383, 385 (501 SE2d 875) (1998).

2. Willis contends the trial court erred in allowing the prosecuting attorney to impeach his credibility by asking him questions about the University of Miami Hurricanes football program when such questions were immaterial to the issues being tried in the case.

While testifying on his own behalf, Willis stated that the University of Miami Hurricanes jacket which had been admitted into evidence was his. During cross-examination, the prosecuting attorney asked Willis if he was a fan of the Hurricanes football team. Willis replied that he was. The prosecuting attorney then asked Willis a series of questions about the team's history, in what the state argues was an attempt to impeach his credibility by showing he was not a fan. After more than a dozen questions about the team were asked and answered, defense counsel objected, arguing that the inquiry was irrelevant. The trial court overruled the objection. The state asked a few more questions about the team before the court intervened and stopped the inquiry.

Willis' objection to the line of questioning was made too late. Willis answered question after question about the football team before voicing any objection. If an objection is not raised until after evidence has already been admitted without objection, the objection is deemed waived. *Matthews v. State*, 221 Ga. App. 129 (1) (470 SE2d 518) (1996). The purpose of requiring timely objection is to prevent improper information from getting to the jury. *Sieveking v. State*, 220 Ga. App. 218, 220 (2) (469 SE2d 235) (1996). Willis' late objection frustrated this purpose. His failure to timely object to the inquiry, despite having had the opportunity to do so, amounts to a waiver. See id. We note that even if the court erred in allowing the inquiry, the error was harmless; it is unlikely that Willis' inability to correctly answer certain questions about the team's history contributed in any way to the verdicts. See generally *Ricks v. State*, 178 Ga. App. 98, 100 (2) (341 SE2d 895) (1986).

3. Willis contends the trial court erred in charging the jury that it could consider Willis' interest in the outcome of the case in deciding his credibility as a witness. He argues that this instruction implies that his testimony is unworthy of belief and is to be held to a higher standard than that of any other witness. We disagree.

The trial court charged the jury as follows:

[W]hen an accused person testifies in his trial and in his

own defense he at once becomes the same as any other witness, and his credibility is to be tested by and subjected to the same tests as are legally applied to any other witness. In determining the degree of credibility that should be accorded his testimony, the jury may take into consideration the fact that he is interested in the result and outcome of this prosecution.

Such an instruction regarding the witness' interest has been approved, as it merely states the self-evident fact of the defendant's interest in the outcome of the case. *Larry v. State*, 266 Ga. 284, 287 (3) (466 SE2d 850) (1996). Moreover, the trial court also expressly instructed the jury to treat Willis as it would any other witness. See id. There was no error.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED JANUARY 13, 2000.

*Ellis R. Garnett*, for appellant.
*Daniel J. Craig*, District Attorney, *Charles R. Sheppard*, Assistant District Attorney, for appellee.