A05A1220. WILLIAMS v. THE STATE.
(621 SE2d 512)

ADAMS, Judge.

Jerry Lewis Williams appeals his conviction and sentence of aggravated assault and attempted robbery. He contends that the evidence was insufficient to support the verdict.

---

[1] The trial court noted that Sharp had failed to file a written motion to suppress, but ruled upon it anyway.

Construed in favor of the verdict, the evidence shows that on April 12, 2003, Robert Wiley heard a commotion, including a man screaming in Spanish, outside the home he was visiting. He looked out the window and saw an African-American man and a small, Hispanic man struggling. Wiley called 911, gave his location, and reported that a dark-skinned, black male dressed in all blue was beating a "little Mexican guy" with a baseball bat. While the struggle was in progress, he described the unfolding events to the operator,

> He's got him down in the hole back here behind the club or something, and he's robbing him right now. I'm looking at him. . . . He's standing over him right now. . . . He's taking his money out of his pockets. He's poking him with a bat. He's still hitting him. He's still hitting him as hard as he can. Please hurry. . . . He's digging in his pockets. He's trying to get everything out of his pockets right now. . . . Now he's running . . . as fast as he can. . . . He's directly across the street [from Wiley's location] in an empty house . . . standing in the parking lot right now . . . in the driveway. . . . The little Mexican guy is still laying down in the dirt behind the club.

During the call the operator told Wiley that the police were on the way, and they arrived within one minute. During the same call to 911, Wiley said, "They went right past the — the police just went right past. . . . Now he's running. They're chasing him. Okay. Here's the [police] unit now." Wiley added that the police were chasing the man. Wiley testified at trial that the man the police were chasing was the same man he had seen beating the Hispanic man.

It was daylight at the time, and the responding officer testified that an African-American male wearing all dark blue clothing who was running in the street at the identified location was the only person within sight. The officer identified Williams as the man in blue who he arrested at that time. Williams told an officer that "a Mexican kicked me."

An officer found Abello Lopez, who had been beaten and was seriously injured, nearby. Despite attempts to locate him in order to serve a subpoena for trial, Lopez could not be found and did not appear at trial.

Another officer made contact with Wiley, who confirmed that he had called 911 and who was still holding a cordless telephone in his hand. Wiley gave a false name when he met the officers. But he also testified that the 911 tape gave a true and accurate description of what he saw. And he told an officer that he saw the black man hitting the Hispanic man with what appeared to be a bat or pole.

The applicable standard of review is whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

On appeal, Williams contends that Wiley's testimony at trial was inconsistent with the 911 recording, that Wiley was seriously impeached by the fact that he gave a false name to officers, and that Wiley was unable to identify Williams at trial as the perpetrator. But issues of credibility are for the jury. *Taylor v. State*, 232 Ga. App. 383, 384-385 (501 SE2d 875) (1998). And the 911 tape transcript, which described the crime in progress, provides a direct link identifying the person who committed the crime as Williams. Wiley saw the police arrive and begin to chase the man who he witnessed committing the crime. The testimony of the officers about their arrival and apprehension of the suspect matches Wiley's account of events very closely, including that Williams was running in a certain direction, at a certain location, and that he was dressed in all blue clothing. Despite the fact that the victim did not testify, the evidence was sufficient to support the verdict that Williams assaulted Lopez with a club and attempted to rob him. See OCGA §§ 16-5-21; 16-8-40.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 13, 2005.

*Lawrence W. Daniel*, for appellant.
*Patrick H. Head, District Attorney, Bruce D. Hornbuckle, Amy H. McChesney, Assistant District Attorneys*, for appellee.