A07A1820. MCWILLIAMS v. THE STATE.
(651 SE2d 849)

BLACKBURN, Presiding Judge.

Following a jury trial, Melton McWilliams was convicted of one count of speeding[1] and one count of driving under the influence of alcohol to the extent that it was less safe for him to drive[2] ("DUI less safe"). He appeals his DUI less safe conviction, arguing that the trial court's jury charge as to this offense was confusing and erroneous. For the reasons set forth below, we affirm.

Viewed in a light most favorable to the verdict, *Davis v. State*,[3] the record shows that in the early morning hours of February 23, 2003, a Roswell police officer on routine patrol observed McWilliams's vehicle traveling well in excess of the posted speed limit. After radar confirmed that McWilliams was speeding, the officer activated her vehicle's emergency lights and had McWilliams pull his vehicle into the parking lot of a nearby restaurant. As the officer pulled into the parking lot behind McWilliams, she noticed that his vehicle came to a halt after its front tires bounced into the curb. Upon approaching McWilliams's vehicle, the officer further noticed that McWilliams was staring straight ahead, and that his eyes were watery and bloodshot. The officer asked McWilliams if he had consumed any

---

[24] (Citation omitted.) *Thomas v. Home Depot, U.S.A.*, 284 Ga. App. 699, 701 (644 SE2d 538) (2007).

[1] OCGA § 40-6-181.

[2] OCGA § 40-6-391 (a) (1).

[3] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

alcoholic beverages that night, and, in a moderately slurred response, McWilliams claimed that he had not. She then asked McWilliams to exit his vehicle. In doing so, McWilliams dropped his keys and stared at them on the ground for a few seconds before slowly and unsteadily retrieving them.

At this point, the officer asked McWilliams if he would undergo some field sobriety tests. McWilliams then admitted that he had consumed a few drinks but refused to comply with the officer's request. Based on her experience and observations, the officer arrested McWilliams for both speeding and DUI less safe. The officer then read him the Georgia Implied Consent Warning[4] and transported McWilliams to a nearby detention center. Once there, McWilliams was asked to submit to a breath test, but he again refused to comply.

McWilliams was charged with speeding, DUI less safe due to the influence of drugs, DUI less safe due to influence of drugs and alcohol, and DUI less safe due to the influence of alcohol. He was tried, and at the close of the State's case, the trial court granted his motion for a directed verdict as to the DUI count involving drugs and as to the count involving the combination of drugs and alcohol. At the trial's conclusion, the jury found McWilliams guilty of speeding and DUI less safe due to the influence of alcohol. This appeal followed.[5]

In his sole enumeration of error, McWilliams contends that his conviction should be reversed because the trial court's jury charge on criminal intent and on the offense of DUI less safe was confusing and erroneous. As part of its charge on criminal intent, the trial court instructed the jury as follows:

> The State will have met its burden as to the defendant's criminal intent if you should find beyond a reasonable doubt that the defendant intended to operate the vehicle at such time that he was under the influence of alcohol to the extent that he was less safe to do so than he would have been if sober.

A few moments after providing part of the pattern jury instruction pertaining to OCGA § 40-6-391 (a) (1),[6] the trial court gave the following instruction:

---

[4] OCGA § 40-5-67.1 (b).

[5] McWilliams abandoned his appeal of the speeding conviction.

[6] See Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II, Sec. 2.59.10, p. 146 (3d ed. 2003).

I charge you that it is not necessary for the State to show that the accused was drunk. It is sufficient if the State showed beyond a reasonable doubt that the accused was under the influence [of] alcohol to the extent that it was less safe for him to drive a car than it would have been if he were not so affected, whether drunk or not.

McWilliams specifically argues that the trial court's use of the term "sober" in its charge pertaining to criminal intent and its use of the term "drunk" in describing the State's burden of proof for DUI less safe, were erroneous and confusing to the jury. We disagree.

In reviewing an allegedly erroneous jury instruction, we apply the "plain legal error" standard of review. (Punctuation omitted.) *Stephens v. Hypes.*[7] Contrary to McWilliams's contention, the trial court did not err in using the term "drunk" when charging the jury on the State's burden of proof. "This Court has already considered and upheld similar charges which advised the jury that a defendant does not have to be drunk in order for him to be a less safe driver." *Shelton v. State.*[8] See *Brownlee v. State;*[9] *Mattarochia v. State.*[10] Indeed, in *Shelton,* supra, 236 Ga. App. at 612-613 (3), we upheld a charge on the State's burden of proof for DUI less safe, which used the term "drunk," that was identical to the charge at issue here. Accordingly, this contention is without merit.

McWilliams also argues that the trial court's use of the term "sober" in part of its charge on criminal intent was confusing in that it suggested that the jury should find him guilty based on his consumption of any amount of an alcoholic beverage whatsoever. However, sober means simply that one is not under the influence of intoxicants, whether because one has ingested no intoxicants or because the amount of intoxicants ingested is so moderate that one is not influenced by them.[11] Thus, the trial court was correct in its instruction that the impairment required by the statute is that McWilliams had to have been under the influence of alcohol to the extent that he was less safe to drive than he would have been if sober, i.e., uninfluenced by intoxicants. There is no reason to speculate that this instruction led the jury to believe that it could convict McWilliams based on his consumption of any amount of an alcoholic beverage.

---

[7] *Stephens v. Hypes,* 271 Ga. App. 863, 865 (610 SE2d 631) (2005).

[8] *Shelton v. State,* 236 Ga. App. 611, 613 (3) (512 SE2d 17) (1999).

[9] *Brownlee v. State,* 225 Ga. App. 311, 312-313 (1) (483 SE2d 370) (1997).

[10] *Mattarochia v. State,* 200 Ga. App. 681, 684-685 (5) (e) (409 SE2d 546) (1991).

[11] See Webster's New Intl. Dictionary (Unabridged) (2nd ed. 1959), p. 2386.

Furthermore, "[w]here a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence." (Punctuation omitted.) *Payne v. State.*[12] See *Thurmond v. State.*[13] Here, in addition to the charge on criminal intent for the offense of DUI less safe, which McWilliams claims was erroneous, the trial court also charged the jury on the language of OCGA § 40-6-391 (a) (1), instructing that "[a] person shall not drive or be in actual physical control of any moving vehicle while under the influence of alcohol to the extent that it is less safe for the person to drive." The trial court further charged that "a driver may be convicted of driving under the influence if they have consumed enough intoxicants to make it less safe for them to operate a vehicle than it would be if they were not so affected." Thus, even assuming arguendo that the trial court's use of the term "sober" made the charge less clear than desired, after reviewing the charges as a whole, we are satisfied that the jury was not misled or confused. Accordingly, the trial court's jury charges did not constitute error.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED SEPTEMBER 18, 2007.

*Weinstock & Scavo, Matthew W. Carlton,* for appellant.
*Carmen D. Smith, Solicitor-General, Richard N. Elliott, Sr., R. Leon Benham, Assistant Solicitors-General,* for appellee.

---

[12] *Payne v. State,* 248 Ga. App. 158, 161 (3) (b) (545 SE2d 336) (2001).
[13] *Thurmond v. State,* 161 Ga. App. 602, 605 (2) (288 SE2d 780) (1982).