## A08A1001. WHITE v. THE STATE.

(661 SE2d 865)

BLACKBURN, Presiding Judge.

Following a jury trial, Alphaeus White was convicted on one count of aggravated assault.[1] He appeals his conviction and the denial of his motion for new trial, arguing that the trial court's jury charge as to his defense of justification was confusing and erroneous. For the reasons set forth below, we affirm.

Viewed in a light most favorable to the verdict, *Davis v. State*,[2] the record shows that late in the morning on March 2, 2005, White and his wife had gotten into an argument as a result of his wife refusing to give him some of the money they had received as a tax refund. In the early afternoon, as his wife was about to leave the couple's home to run some errands with her daughter-in-law, White grabbed his wife by the hair and threw her against the kitchen sink. As he and his wife struggled, White grabbed a knife that was laying nearby and began threatening her. However, before White could harm her, the daughter-in-law, who had been making a cell phone call out in the garage, jumped on White's back, causing him to release his wife. The daughter-in-law then ran and locked herself inside a nearby bathroom, where she called police. Subsequently, White tried to grab his wife again but was thwarted when she struck him on the head with a telephone. Police soon arrived and arrested White.

---

[1] OCGA § 16-5-21 (a) (2).

[2] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

White was indicted on two counts of aggravated assault and two counts of making terroristic threats.[3] At trial, White's wife and her daughter-in-law testified as to the details of the altercation. In addition, White testified in his own defense, claiming that the altercation started when his wife hit him with the telephone and that he grabbed the knife in an effort to stop his wife from grabbing it first. At the trial's conclusion, the jury found White guilty on the count of aggravated assault against his wife but found him not guilty on the count of aggravated assault against the daughter-in-law and not guilty on both counts of making terroristic threats. White filed a motion for new trial, which was denied after a hearing. This appeal followed.

In his sole enumeration of error, White contends that his conviction should be reversed because the trial court's jury charge on his defense of justification was confusing and erroneous. During the trial's charge conference, White's counsel acknowledged that the State had already requested a charge on justification and consented when the court stated that it would provide the pattern jury instruction on justification.[4] The court's instruction on justification was as follows:

> A person is justified in using force which is intended or likely to cause death or great bodily harm only if that person reasonably believes that such force is necessary to prevent death or great bodily injury to himself. The state has the burden of proving beyond a reasonable doubt that the defendant was not justified. A person is not justified in using force if that person initially provokes the use of force against himself or was the aggressor in [sic] combative situation or is attempting to commit a felony.

Immediately thereafter, the trial court added: "And for the circumstances in this case[,] aggravated assault is a felony."

White specifically argues that the trial court confused the jury and undermined his justification defense by charging that aggravated assault is a felony, immediately after charging that the use of force cannot be justified if one is attempting to commit a felony. White also argues that this same charge authorized the jury to improperly disregard his justification defense if it found that he had committed the nonexistent offense of attempted aggravated assault.

---

[3] OCGA § 16-11-37 (a).

[4] See former Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II, Sec. 3.02.10, p. 162 (3d ed. 2003).

See *State v. Rooks*[5] (attempt to commit aggravated assault is not a legally recognized offense). We disagree.

"In reviewing an allegedly erroneous jury instruction, we apply the 'plain legal error' standard of review." *McWilliams v. State*.[6] "A jury charge must be considered as a whole and the parts read in conjunction with each other." *Pollard v. State*.[7]

> Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence.

(Punctuation omitted.) *Payne v. State*.[8]

Here, the trial court provided the jury with correct instructions on justification that were nearly verbatim to the pattern jury instruction (and to which White agreed), including the instruction that justification "is a defense for a prosecution for any crime based on that conduct." Therefore, no reasonable juror would have understood that the principle of justification did not apply to the felony of aggravated assault. See *Holmes v. State*[9] (general charge on justification understood by jurors to apply to all charges). In addition, the court did not create confusion in charging that aggravated assault is a felony immediately after charging that a person is not justified in using force if he is attempting to commit a felony, as the charge simply tracked the applicable law. See *Howard v. State*.[10] Moreover, we note that the court's instruction on justification may have been made clearer if the last part of that instruction had been identical to the pattern jury instruction by providing that a person is not justified in using force if that person "is attempting to commit, is committing, or is fleeing after the commission or attempted commission of a felony."[11] However, the charges made clear the fact that the State bore the burden of proving both (i) the elements of aggravated assault under the indictment and (ii) that White's use of force was not justified beyond a reasonable doubt. Thus, after reviewing the charges as a whole, we are satisfied that the jury was not misled or

---

[5] *State v. Rooks*, 266 Ga. 528 (1) (468 SE2d 354) (1996).

[6] *McWilliams v. State*, 287 Ga. App. 585, 587 (651 SE2d 849) (2007).

[7] *Pollard v. State*, 230 Ga. App. 159, 160 (3) (495 SE2d 629) (1998).

[8] *Payne v. State*, 248 Ga. App. 158, 161 (3) (b) (545 SE2d 336) (2001).

[9] *Holmes v. State*, 273 Ga. 644, 646 (3) (543 SE2d 688) (2001).

[10] *Howard v. State*, 165 Ga. App. 555, 555-556 (3) (301 SE2d 910) (1983).

[11] See former Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II, Sec. 3.02.10, p. 162 (3d ed. 2003).

confused. Accordingly, the trial court's charge on justification was not erroneous.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 21, 2008.

*Mark A. Yurachek*, for appellant.
*Daniel J. Porter, District Attorney, Kimberly A. Gallant, Assistant District Attorney*, for appellee.