## A08A1857. PARKER v. THE STATE.
(673 SE2d 334)

DOYLE, Judge.

A jury found Robert Alvin Parker guilty of two counts of aggravated child molestation[1] and five counts of child molestation,[2] and the trial court denied his motion for new trial. Parker appeals, arguing that portions of the trial court's jury charge were misleading. For the reasons set forth below, we affirm.

Viewed in a light most favorable to the verdict,[3] the record shows that Parker began living with his fiancée and her daughter, M. N., when the child was ten years old.[4] M. N. testified at trial that Parker touched her breast and vagina with his hand, and he forced her to touch his penis with her hand and mouth. Parker also put his penis in M. N.'s vagina, kissed her on the mouth, and pinched her nipple. The State charged Parker with two counts of aggravated child molestation and five counts of child molestation, and the jury found him guilty of all seven charges.[5] He filed a motion for new trial, which was denied, and this appeal followed.

In his sole enumeration of error, Parker contends that his conviction should be reversed because portions of the trial court's jury charge were confusing. After the defense rested, the trial court charged the jury that "the defendant has pled not guilty. By that plea[,] he contends he is guilty of nothing and is therefore entitled to an acquittal at your hand." Then, while explaining the verdict form, the trial court instructed the jury as follows:

---

[1] OCGA § 16-6-4 (c).

[2] OCGA § 16-6-4 (a).

[3] See *Brinson v. State*, 243 Ga. App. 50 (530 SE2d 798) (2000).

[4] M. N. was 13 years old at the time of the trial.

[5] Parker does not challenge the sufficiency of the evidence.

> If upon your consideration of Count No. 1 in this indictment charging this defendant with aggravated child molestation, you find and believe beyond a reasonable doubt that this defendant did commit the offense of aggravated child molestation that is set out in Count No. 1 as I have defined it to you, you would be authorized to find the defendant guilty of Count No. 1.
>
> The form of that verdict would be: We the jury find the defendant guilty of Count No. 1, aggravated child molestation. On the other hand, ladies and gentlemen, if you do not believe this defendant to be guilty of Count No. 1 or if you have a reasonable doubt as to his guilt, it would be your duty to give him the benefit of doubt and acquit him of Count No. 1. In such case, the [form] of your verdict would be: We the jury find the defendant not guilty of Count No. 1, aggravated child molestation.
>
> The form of your verdict and the manner in which you would arrive on Counts 2 through 7 is exactly as I have just given you on charge in Count No. 1. And as I have stated, I have prepared a verdict form for your use if you care to use it.

The trial court also instructed the jury that: "Whatever your verdict you make [sic], ladies and gentlemen, must be unanimous. . . ."

Parker alleges that the trial court's failure to go through the verdict form separately for each charge and the court's use of the singular terms "an acquittal" and "your verdict" "encourag[ed] the jury to think about the charges *en masse* rather than to consider each charge individually." He further argues that the "rolling up together of charges in a neat package, with the implication that one decision was required, deprived [him] of a properly charged jury that could fairly consider each charge against him as a separate piece of work." We disagree.

"In reviewing an allegedly erroneous jury instruction, we apply the 'plain legal error' standard of review."[6] "Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence."[7]

Here, the trial court specifically instructed the jury that Parker

---

[6] *McWilliams v. State*, 287 Ga. App. 585, 587 (651 SE2d 849) (2007).

[7] (Punctuation omitted.) *White v. State*, 291 Ga. App. 249, 251 (661 SE2d 865) (2008).

was charged with two counts of aggravated child molestation and five counts of child molestation and that he had entered a plea of not guilty to "all seven counts." The court also charged that the State had the burden "to prove *all seven counts* of [the] indictment and every essential element of the *crimes* charged beyond a reasonable doubt."[8] Further, although the trial court did not explain the specific procedure for completing the verdict form seven separate times, it made it clear that the instructions applied to each of the seven counts. Therefore, no reasonable juror would have understood that he or she was required to decide the verdict in an all or nothing fashion or that he or she was precluded from finding Parker guilty of one or more counts and not guilty of others. "Thus, after reviewing the charges as a whole, we are satisfied that the jury was not misled or confused."[9] Accordingly, we discern no basis for reversal.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 9, 2009.

*Mary Erickson*, for appellant.

*Peter J. Skandalakis, District Attorney, Sarahlouise S. Japour, Assistant District Attorney*, for appellee.

---

[8] (Emphasis supplied.)

[9] *White*, 291 Ga. App. at 251-252. See *Pincherli v. State*, 295 Ga. App. 408, 413 (3) (c) (671 SE2d 891) (2008); *Gathuru v. State*, 291 Ga. App. 178, 181 (1) (661 SE2d 233) (2008).