**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 17, 2013

# In the Court of Appeals of Georgia

A13A0449. BRUNSON v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Elijah Brunson was convicted of sexual battery of his 15-year-old granddaughter. Brunson appeals, claiming that the state was improperly allowed to use a prior statement to attempt to impeach him and that his trial counsel was ineffective in failing to object to the attempted impeachment. Because there was no objection to the state's use of the prior statement, that issue was not preserved for appellate review; and the lack of such objection does not constitute ineffective assistance of counsel because it was a matter of trial strategy. Accordingly, we affirm.

1. *Impeachment.*

Brunson testified at trial. On cross-examination, the prosecuting attorney questioned him about purported differences between his testimony and a prior

statement that he had given to police. On appeal, Brunson contends that the trial court erred in allowing the state to attempt to impeach him with the prior statement because its voluntariness had not yet been determined and it had not been admitted into evidence. However, Brunson did not raise these, or any other, objections to the state's line of questioning in the trial court. "Failing to object to the state's cross-examination waives this issue on appeal." *Walker v. State*, 268 Ga. App. 669, 672 (3) (602 SE2d 351) (2004) (citation omitted). See also *Willis v. State*, 241 Ga. App. 813, 815 (2) (527 SE2d 895) (2000).

2. *Ineffective assistance of counsel.*

Brunson claims that his trial counsel was ineffective in failing to object to the prosecutor's use of the prior statement to attempt to impeach him. The claim is without merit.

> To prevail on this claim, [the a]ppellant must show that his counsel's performance was professionally deficient and that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been more favorable to him. The reviewing court need not address both components of the inquiry if the [appellant] makes an insufficient showing on one.

*Durden v. State*, ___ Ga. ___ (6) (Case No. S13A0026, decided June 3, 2013) (citations and punctuation omitted).

2

Brunson has not shown that counsel's performance was deficient. At the motion for new trial hearing, trial counsel explained that she did not object to the state's line of questioning about Brunson's prior statement because the statement actually supported the defense theory that there was no criminal intent. Counsel testified that it was a "purely strategic" decision that worked out to the advantage of the defense because "parts of his statement were made a part of the record and I got something great to talk about in closing regarding the [s]tate's use or misuse of the evidence."

"The decision of whether to interpose certain objections is a matter of trial strategy and tactics." *Abernathy v. State*, 299 Ga. App. 897, 903 (3) (a) (685 SE2d 734) (2009) (citation and punctuation omitted). Here, even if we "[p]resum[e] for the sake of argument that an objection to the [questioning about a prior statement] would have had merit, trial counsel's decision not to object was a reasonable trial tactic and strategy which constituted neither deficient performance nor ineffective assistance." *Brockington v. State*, 316 Ga. App. 90, 95 (2) (b) (728 SE2d 753) (2012) (citation omitted).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*