## A98A1883. KNIGHT v. THE STATE.
### (506 SE2d 245)

BLACKBURN, Judge.

Lester Knight appeals his conviction for trafficking in cocaine, contending in his sole enumeration of error that his initial stop was pretextual and that the trial court therefore erred in failing to suppress cocaine found in the vehicle in which he was riding. For the reasons set forth below, we affirm.

"In reviewing a trial court's decision on a motion to suppress, our responsibility is to ensure that there was a substantial basis for the decision. In so doing, we consider all relevant evidence of record, wherever located, including evidence introduced at a suppression hearing and that introduced at trial; we construe the evidence most favorably to uphold the findings and judgment, and must adopt the trial court's findings on disputed facts and credibility unless they are clearly erroneous. Further, since the trial court sits as the trier of facts, its findings will not be disturbed if there is any evidence to support them." (Punctuation omitted.) *Semelis v. State*, 228 Ga. App. 813 (1) (493 SE2d 17) (1997).

On January 25, 1997, Knight was a passenger in a truck being driven by Kevin Lawson on the expressway. Officer Mark Whitwell observed that the truck had a smoky-colored plastic covering over its license plate which made the truck look as if it had no tag at all. Whitwell then followed the truck to ensure that it did have a tag. As he did so, the truck changed lanes without signaling. Whitwell then stopped the truck on two bases: (1) an improper obstruction of a license plate in violation of OCGA § 40-2-41 and (2) an improper lane change in violation of OCGA § 40-6-123.

During the stop, Whitwell noticed that Knight was attempting to hide a briefcase under his seat. Whitwell's police dog indicated the presence of contraband in the vehicle. After Lawson and Knight exited the vehicle, Whitwell asked Lawson for permission to search the vehicle, which Lawson granted. During his search, Whitwell retrieved the briefcase and discovered that it contained cocaine. Knight was subsequently convicted of a trafficking offense.

On appeal, Knight's sole enumeration of error is that the initial stop of the vehicle was improper, pretextual, and made without the

requisite reasonable articulable suspicion. In support of this argument, Knight maintains that there is no evidence establishing either of the violations on which Whitwell based the initial stop. Knight's claims, however, are untenable.

OCGA § 40-2-41 states, in relevant part: "It shall be the duty of the operator of any vehicle to keep the license plate legible at all times. No license plate shall be covered with any material unless the material is colorless and transparent. . . . Any person who violates any provision of this Code section shall be guilty of a misdemeanor." Whitwell testified that the license plate of Lawson's truck was heavily obscured by a smoky covering. This is clear evidence of a violation of OCGA § 40-2-41 which would justify the stop of Lawson's truck.

OCGA § 40-6-123 (b) states: "A signal of intention to turn right or left or change lanes when required shall be given continuously for a time sufficient to alert the driver of a vehicle proceeding from the rear in the same direction or a driver of a vehicle approaching from the opposite direction." Knight contends that traffic conditions at the time that Lawson changed lanes did not require that a signal be given. However, Whitwell testified that, at the time of the lane change, traffic was heavy and the lane change without a signal was unsafe. As such, there was evidence supporting Lawson's violation of OCGA § 40-6-123 (b), which, in turn, provides a separate justification for Whitwell's stop of Lawson's truck.

Therefore, there were two separate bases which justified Whitwell's initial stop of the vehicle in this case. As such, there was ample evidence to support the trial court's ruling to admit evidence of the discovered cocaine, and we affirm the trial court's denial of Knight's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 4, 1998 —
RECONSIDERATION DENIED SEPTEMBER 15, 1998 — ▮▮▮▮

*Franklin & Hubbard, Curtis L. Hubbard, Jr.,* for appellant.
*Tommy K. Floyd, District Attorney, Sandra A. Graves, Blair D. Mahaffey, Assistant District Attorneys,* for appellee.