## A03A1922. GILBERT v. THE STATE.
(593 SE2d 25)

JOHNSON, Presiding Judge.

Gloria Gilbert was tried before a jury and convicted of possessing methamphetamine and possessing methamphetamine with intent to distribute. In this appeal she claims that the trial court erred in finding police lawfully stopped her car, in making evidentiary rulings, and in sentencing her as a recidivist. The claims are without merit, and we therefore affirm Gilbert's convictions.

Construed in favor of the verdict, the evidence presented at trial shows that on October 26, 2001, police officers in Rome executed a search warrant at the residence of Kay Yarbrough. An investigator posted outside the residence saw a person later identified as Gilbert driving a small blue car with an improper license tag. Gilbert stopped in front of the residence, and a woman later identified as Yarbrough got out of the vehicle. Gilbert then drove away from the area, and as she did so the investigator saw her drink from a can of beer. He contacted an officer in a patrol car and told him to look for the small blue car with the improper tag.

The officer in the patrol car saw Gilbert's car and began following it. He saw Gilbert commit traffic violations by making several improper lane changes and failing to use her turn signal. A check of the tag on her car confirmed that it was actually registered to another vehicle. The officer stopped Gilbert, who immediately got out of her car and approached the officer. He asked to see her driver's

license and insurance card, and followed Gilbert back to her car. As she searched for the license and card, the officer saw two open cans of beer in the front of her car.

The officer walked a dog trained to detect illegal drugs around Gilbert's car. The dog indicated that there were drugs in the car. The officer then searched the vehicle and found, among other things, several plastic bags full of methamphetamine, syringes, and scales.

Gilbert was arrested and indicted for possession of methamphetamine and possession of methamphetamine with intent to distribute. She was also charged with recidivism based on a drug conviction from 1983. She pled not guilty to the charges and proceeded to trial. After the jury found her guilty of the two drug offenses, the trial judge sentenced her as a recidivist. He imposed a twenty-year sentence for the possession with intent to distribute offense and a concurrent fifteen-year sentence for the simple possession offense, ordering that Gilbert must serve seven years in confinement and the remainder of the sentence on probation. Gilbert filed a motion for a new trial, which the court denied. Gilbert appeals.

1. Gilbert complains that the trial court erred in failing to find that the stop of her car was illegal. The complaint is wholly without merit. The officer who stopped the vehicle was authorized to do so based on his observation of traffic violations by Gilbert and the improper tag on her car.[1] The trial court did not err in finding the stop to be lawful.

2. Gilbert contends that the trial court erred in denying her motion in limine to restrict the state from telling the jury that it had information from a confidential informant that Gilbert was involved in drug activity with Yarbrough, and that the error became reversible when a detective gave hearsay testimony about such information. Gilbert's contention misconstrues the trial court's ruling and the detective's testimony.

The trial court did not allow the state to tell the jury that it had information from a confidential informant that Gilbert was involved in drug activity with Yarbrough; rather, the court expressly ruled that the state could not mention any drug activity, and could only introduce evidence that Gilbert's car was previously seen at Yarbrough's residence. Consistent with that ruling, the detective did not testify about any drug activity or statements made by an informant. He instead testified that he had seen Gilbert's car while conducting surveillance at Yarbrough's residence.

"Hearsay evidence is that which does not derive its value solely

---

[1] See *Knight v. State*, 234 Ga. App. 359, 360 (506 SE2d 245) (1998) (improper display of license plate and improper lane change provided two separate bases for stopping vehicle).

from the credit of the witness but rests mainly on the veracity and competency of other persons."[2] The detective's testimony about his own observations was not hearsay because it derived its value solely from his own credit and did not rest on the veracity of anyone else. Accordingly, we find no error in the trial court's ruling allowing evidence that police had seen Gilbert's car at Yarbrough's house or in the detective's nonhearsay testimony that was consistent with that ruling.

3. Gilbert alleges she is entitled to a new trial because she has discovered new evidence that three law enforcement officers who testified at trial were suspended from work because they had received illegal satellite television services. She reasons that such evidence would be relevant to the credibility of the witnesses.

In order to obtain a new trial based on newly discovered evidence, Gilbert must show (1) that the evidence came to her knowledge since trial, (2) that a want of due diligence is not the reason why she did not acquire it sooner, (3) that it is so material that it would probably produce a different verdict, (4) that it is not merely cumulative evidence, (5) that the affidavit of a witness is attached to the new trial motion or its absence accounted for, and (6) that the new evidence does not operate solely to impeach the credibility of a witness.[3] The failure to show one of these requirements is enough to deny a new trial.

Gilbert has failed to show all six of the newly discovered evidence requirements. First, she has not shown that the alleged evidence is so material that it would probably produce a not guilty verdict. Moreover, she has not pointed to an affidavit or cited any other evidence proving that her allegation about the witnesses is true.

Finally, even if we assume for the sake of argument that the allegation is true and that there is some evidence the officers were suspended for unauthorized receipt of satellite services, Gilbert's sole stated purpose for such evidence would be to impeach the witnesses' testimony. Not only is it insufficient for newly discovered evidence to operate solely to impeach a witness, but specific instances of misconduct cannot be used to impeach a witness' credibility unless the misconduct has resulted in a criminal conviction.[4] Consequently, absent criminal convictions, the purported evidence of mere suspensions from work would not even be admissible for impeachment purposes. Because of Gilbert's failure to show all the newly discovered evidence requirements, the court correctly denied her motion for a new trial.

---

[2] OCGA § 24-3-1 (a).

[3] *Taylor v. State*, 260 Ga. App. 890, 891-892 (3) (581 SE2d 386) (2003).

[4] See *Smith v. State*, 222 Ga. App. 366, 369 (4) (474 SE2d 272) (1996).

4. Gilbert argues that the trial court erred in sentencing her as a recidivist without specifying how many prior felony convictions she has. It is true that under the repeat offender statute there is a difference in the effect of a recidivist sentence based on whether a person has three or more prior felony convictions. OCGA § 17-10-7 (a) provides that a person with a prior felony conviction who commits another felony shall be sentenced to the longest period of time prescribed for punishment of that subsequent offense, although the judge may probate or suspend the sentence. And OCGA § 17-10-7 (c) states that anyone with three prior felonies who commits another felony must serve the maximum time provided in the sentence for that fourth or subsequent offense and shall not be eligible for parole until the maximum sentence has been served.

In the instant case, it is apparent from the record that Gilbert had only one prior felony conviction. Count 3 of the indictment avers that Gilbert is a recidivist because she has a single prior felony drug conviction from 1983. At the sentencing hearing, the state introduced certified copies of only that prior conviction. And the trial judge, in pronouncing the sentence, expressly found that the current conviction is Gilbert's second offense.

Under these circumstances, there is no confusion about Gilbert's prior criminal record or the court's sentencing of her as a recidivist. She clearly does not have three or more prior convictions, and thus subsection (c) of the repeat offender statute does not apply to her recidivist sentence. Rather, she has only one prior felony conviction and therefore her recidivist sentence is governed by OCGA § 17-10-7 (a).

While it might have been the better practice for the trial court to plainly indicate on its final disposition which subsection of the repeat offender statute applies to Gilbert's recidivist sentence, the failure to do so does not amount to reversible error.[5] Rather, the sentencing of Gilbert as a recidivist was correct given her one prior felony conviction, and that lawful sentence is hereby affirmed.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED DECEMBER 16, 2003 —
RECONSIDERATION DENIED JANUARY 8, 2004.

*James C. Wyatt*, for appellant.
*Leigh E. Patterson, District Attorney, Martha P. Jacobs, Jason A.*

---

[5] See generally *Mitchell v. State*, 202 Ga. App. 100, 102 (2) (413 SE2d 517) (1991).

*Lewis, Kay A. Wetherington, Assistant District Attorneys*, for appellee.