## A06A1805. ALBERT v. THE STATE.
(640 SE2d 670)

MIKELL, Judge.

A jury found Gordon Albert guilty but mentally ill of stalking three residents of the home where he once lived. On appeal, he argues that trial counsel was ineffective. We find no error and affirm.

Viewed in the light most favorable to the jury's verdict, the record shows that a couple ran a personal care home for men with mental

disabilities. While Albert was still a resident of the home, he began paying inappropriate attention to the couple's daughter, a minor, as when he attempted to give her a bag of trash containing what he called his "medals." After Albert left the home, he continued his attempts to contact the daughter through her parents, even after a restraining order was obtained against him. Albert explained at trial that he believed he and the daughter were married because he put a ring on his finger in front of a statue of Mary in a Catholic church, although the daughter was not present at the time.

After Albert was charged with felony as well as misdemeanor stalking,[1] he asked for a psychological examination, which he received from a forensic psychiatrist at Georgia Regional Hospital. The psychiatrist, Dr. Mayer, determined that Albert was competent to stand trial. Albert had long been treated and medicated for manic depression, but told the jury that he was not mentally ill and that he understood right and wrong, because "[i]f I hadn't I would have done killed somebody." After the jury was instructed on the verdicts of not guilty by reason of insanity and guilty but mentally ill, it returned a verdict of guilty but mentally ill on both counts.

Albert's sole argument on appeal is that he received ineffective assistance when trial counsel failed to obtain a second psychiatric evaluation after receiving Dr. Mayer's report and when counsel failed to present independent evidence of Albert's insanity to the jury. We disagree.

"To prove an ineffective assistance of counsel claim, [a] defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency."[2] The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[3]

Here, Albert himself requested that he be examined by the state, and has not shown how testimony from a second psychiatrist or other witnesses would have overcome Dr. Mayer's conclusions that Albert knew right from wrong and that he knew he should not contact the victim.[4] Trial counsel testified that after his own review of Albert's medical records, including Dr. Mayer's report, he had no basis for a

---

[1] See OCGA §§ 16-5-90; 16-5-91.

[2] *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[3] (Footnote omitted.) *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

[4] *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995) (defendant who fails to proffer evidence cannot show that he was prejudiced by counsel's ineffectiveness); compare *Martin v. Barrett*, 279 Ga. 593, 595 (619 SE2d 656) (2005) (trial counsel who knew of defendant's

request for a second mental evaluation. Counsel was not ineffective, then, when he failed to make a meritless motion for an additional examination.[5]

Finally, the record shows that the jury asked for a recharge on the distinction between guilty but mentally ill and not guilty by reason of insanity, which the trial court provided. Without some evidence that the charge was erroneous when taken as a whole, the request for recharge alone does not prove either that the jury was confused on the issue of Albert's mental condition or that Albert's counsel had not provided them with sufficient evidence concerning it.[6]

The trial court did not err when it denied Albert's motion for new trial.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED DECEMBER 15, 2006.

*Barbara B. Claridge*, for appellant.
*Daniel J. Craig, District Attorney*, for appellee.

---

recent hospitalization for mental illness was ineffective when he failed to investigate further).
    [5] See *Davis v. State*, 267 Ga. App. 245, 246 (2) (599 SE2d 237) (2004).
    [6] See *Glore v. State*, 241 Ga. App. 646, 648 (2) (526 SE2d 630) (1999) (trial court does not abuse its discretion when it grants jury's request for recharge without additional charges or comments).