A08A0143. GATHURU v. THE STATE.
(661 SE2d 233)

JOHNSON, Presiding Judge.

A jury found Ephantus Gathuru guilty of two counts of reckless driving (driving too fast for conditions and following too closely) and six counts of vehicular homicide. Gathuru appeals, alleging the trial court improperly charged the jury on vehicular homicide, the trial court erred in answering a jury question, and his trial counsel was ineffective. We find no error and affirm Gathuru's convictions.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that on June 24, 2005, Gathuru, driving an 18-wheel

---

tractor-trailer truck, sped from Interstate 285 into the exit lane for Interstate 20, where numerous cars were backed up with their brake lights on. According to all but one eyewitness, Gathuru did not brake before hitting the last car in line at the exit. In all, eight vehicles were involved in the incident, and three deaths occurred as a result of the incident. All eyewitnesses agreed that Gathuru was traveling too fast to stop when he came into the exit lane.

An expert in commercial vehicle accident investigations testified that based on the circumstances and evidence, Gathuru was driving too fast for the conditions and following too closely. Another traffic specialist testified that his investigation of the scene revealed that Gathuru was traveling over the posted speed limit, Gathuru did not apply his brakes until the point of first impact, and there was no evidence to support Gathuru's claim that a vehicle pulled out in front of him and caused the incident.

Gathuru told an officer at the scene that a vehicle came into his lane, cutting him off and making him lose control of the truck. He gave a statement to this effect to another officer. Gathuru testified at trial that he was not speeding, that he lowered his speed by downshifting rather than by using his brakes, that he was not following too closely, that a car slipped into a gap between him and the next vehicle in line, and that he tried to avoid a collision but his brakes had gone out. However, at least one officer and a traffic specialist testified at trial that Gathuru's statement was belied by every eyewitness and the physical evidence at the scene. In addition, the state introduced Gathuru's driving record, which included five violations, one which involved his tractor-trailer hitting a car and one in which his tractor-trailer flipped over.

1. Gathuru contends the trial court erred in its charge on vehicular homicide while driving in a reckless manner because the trial court equated "reckless" with "carelessness." We first note that Gathuru waived this issue by not objecting to the charge given or reserving objections to the trial court's charge when the trial court specifically asked for objections to the charge. "The failure to reserve objections to the content of the jury instructions waives the right to assert the purported error on motion for new trial or on appeal."[1]

Notwithstanding Gathuru's waiver of this asserted error, we find that the trial court's charge, when read and considered as a whole, did not mislead the jury.[2] "Where a charge as a whole substantially presents issues in such a way as is not likely to confuse

---

[1] (Citation and punctuation omitted.) *Sampson v. State*, 282 Ga. 82, 85 (5) (646 SE2d 60) (2007).

[2] See *Smith v. State*, 270 Ga. 240, 246 (10) (510 SE2d 1) (1998).

the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence."[3]

Here, the trial court charged on the presumption of innocence and the state's burden of proving every element of the crime beyond a reasonable doubt. The court charged on intent in general, that the state must prove intent beyond a reasonable doubt, and that there is no presumption of criminal intent. Regarding criminal negligence, the court charged as follows: "Criminal negligence is defined as reckless or wanton conduct that shows an indifference to the injurious result of the negligent acts and indifference to the safety of others and a lack of consideration for their welfare." The court then gave the definition of vehicular homicide in the first degree:

> A person commits the offense of homicide by vehicle in the first degree when, without malice aforethought, that person causes the death of another person by driving any vehicle in such a manner as to be in reckless disregard for the safety of persons or property. Reckless disregard is an element of homicide by vehicle in the first degree which must be proved by the state.

The court subsequently charged the jury that "[a]ny person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving."

Following the charge on vehicular homicide in the first degree and reckless driving, the court charged the jury on criminal negligence as it is applicable to the offense of vehicular homicide in the first degree. This is the charge to which Gathuru objects:

> Criminal negligence is an act or failure to act which demonstrates a willful, wanton, or reckless disregard for the safety of others who might reasonably be expected to be injured thereby.
>
> To render one criminally responsible when charged with homicide by vehicle in the first degree, there must be such recklessness or carelessness, resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others and a reasonable foresight that injury would result.

The court added:

---

[3] (Citation and punctuation omitted.) *McWilliams v. State*, 287 Ga. App. 585, 588 (651 SE2d 849) (2007).

The violation of the safety statute regarding the use of highways does not constitute criminal negligence, unless such violation is intentional, willful, or wanton, or unless the violation, though unintentional, is accompanied by recklessness or is under circumstances from which probable death or injury to others might be reasonably anticipated.

The trial court went on to define speeding and following too closely, which are charged in the indictment and are the underlying offenses for the vehicular homicide counts. The court then charged the jury on the lesser included offense of vehicular homicide in the second degree, pointing out that reckless disregard is not an element of that offense, but reiterating that "[r]eckless disregard is required to be proved by the state in homicide by vehicle first degree."

Even assuming that the trial court's use of the term "carelessness" in one portion of this jury charge made the charge less clear than desired, after reviewing the charge as a whole, we are satisfied that the jury was not misled or confused. The trial court's jury charge did not constitute error.

2. Gathuru asserts the trial court erred in answering the jury's question concerning the definitions of reckless and carelessness. The record shows that the jury, during its deliberations, sent the following note to the trial judge: "From the law perspective do the words 'reckless' and 'carelessness' have the same meaning or is this definition up to juror discretion?" The trial judge told the jury that it was up to them to decide the meaning of reckless and carelessness based on the facts of the case and the law they were given to apply to the facts. However, the court did inform the jury that the term "reckless driving" was defined on page 16 of the jury charge. Gathuru argues that the trial court should have responded to the jury by giving them the legal definitions of "reckless" and "carelessness." We find no error.

"Where a jury requests a charge or recharge on a particular point, it is within the discretion of the judge to give or not give additional instructions."[4] Here, the trial court's initial charge to the jury mentioned the word "carelessness" once. And, the charge consistently stated that a conviction for first degree vehicular homicide must be based on a wilful, wanton or reckless disregard for the safety of others. Even if being careless is somehow not as bad as being reckless, the initial jury charge did not allow the jury to lower the standard of proof required by the state for a conviction. Giving the jury additional charges defining "reckless" and "carelessness"

---

[4] (Citations omitted.) *Walter v. State*, 256 Ga. 666, 668-669 (2) (352 SE2d 570) (1987).

may have only served to confuse the jury regarding the issues to be decided. In addition, contrary to Gathuru's argument, the fact that the jury asked for a charge on these two terms does not prove that the jury was confused about the issues to be decided.[5] We find no abuse of discretion in the trial court's recharge to the jury.

3. Gathuru argues his trial attorney was ineffective for (1) not submitting a request to charge "that ensured that the jury would know that reckless driving required the jury to find that Appellant drove with a conscious disregard of a known risk to other drivers on the highway at the time the motor vehicle incident at issue in Appellant's case took place," and (2) not reserving exceptions to the jury charge regarding the use of the term "carelessness" for appellate review. While the ineffective assistance of counsel issue was not raised in the trial court, remand is not mandated where we can determine from the record that the defendant cannot satisfy the two-prong test to establish ineffectiveness.[6] Under this test, Gathuru must prove that his trial counsel's performance was deficient and that this deficient performance prejudiced his defense; that is, whether there is a reasonable probability that the result of the trial would have been different if his trial counsel had requested certain charges or objected to the charges given by the trial court.[7]

In the present case, we need not evaluate whether trial counsel's performance was deficient because we conclude that Gathuru has failed to establish that counsel's performance was prejudicial.[8] When a defendant raises an ineffective assistance of counsel claim based on counsel's failure to request or object to certain jury charges, the defendant "must show that the charges in question were erroneous and that, if proper charges had been given, there is a reasonable probability that the result of the trial would have been different."[9]

As discussed in Division 1, the trial court properly charged the jury in this case. Because the jury charge taken as a whole was sufficient, Gathuru cannot show that his trial counsel's failure to object to the charge as given or to request certain charges "fell outside the range of reasonable professional conduct."[10] Moreover, given the overwhelming evidence of Gathuru's guilt, he cannot show a reasonable probability that the jury would have had a reasonable doubt respecting his guilt if his trial counsel had requested an

---

[5] See *Albert v. State*, 283 Ga. App. 79, 81 (640 SE2d 670) (2006).

[6] See *Slade v. State*, 287 Ga. App. 34, 38 (4) (651 SE2d 352) (2007); *Freeman v. State*, 282 Ga. App. 185, 189 (3) (638 SE2d 358) (2006).

[7] See *Lucas v. State*, 265 Ga. 514, 516-517 (3) (458 SE2d 103) (1995).

[8] See *Lott v. State*, 281 Ga. App. 373, 376 (4) (636 SE2d 102) (2006).

[9] *Peavy v. State*, 262 Ga. 782, 783 (2) (425 SE2d 654) (1993).

[10] See *Green v. State*, 266 Ga. 758, 760 (2) (b) (470 SE2d 884) (1996).

additional charge on intent or made an objection to the trial court's charge to the jury.[11] Gathuru's ineffectiveness claim does not entitle him to relief.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED APRIL 16, 2008.

*Michael J. Davis, Jr., Wystan B. Getz*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

[11] See *Landers v. State*, 270 Ga. 189, 191 (4) (508 SE2d 637) (1998).