A08A1629. GRIFFIN v. THE STATE.
(672 SE2d 453)

MIKELL, Judge.

Davis Griffin appeals his conviction on two counts of selling cigarettes to a minor, a misdemeanor. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the evidence adduced at trial shows that Griffin manages a game room that is located in a shopping center in Dalton. The game room has a concession stand, where food and cigarettes are sold. On November 28, 2005, City of Dalton police officer Tommy Ensley conducted surveillance of the shopping center from inside a store across the street. Ensley testified that, using binoculars, he watched two juveniles enter the game room. According to Ensley, the juveniles appeared to be ten and fifteen years old, respectively. Ensley testified that he saw the juveniles approach Griffin; that the older juvenile handed Griffin something; that Griffin walked behind a counter, walked back out, and handed an object to the same juvenile; that both juveniles then walked out the front door; and that the older juvenile handed the object that Griffin had given him to the younger juvenile, who stuck it in his right front pocket. Ensley could not identify the object. Ensley relayed the information to a nearby officer in a patrol car, Jamie Johnson. The juveniles saw the patrol car and took off running. Ensley testified that he confronted Griffin, who

---

[1] See *Albert v. State*, 283 Ga. App. 79 (640 SE2d 670) (2006).

initially denied selling cigarettes to the juveniles. However, when Ensley told Griffin that he watched him through binoculars, Griffin admitted it and apologized.

Johnson apprehended the juveniles. Johnson testified that he found the cigarettes in the right front pocket of the pants worn by the younger juvenile.

1. The crime of which Griffin was convicted prohibits any person knowingly to "[s]ell or barter, directly or indirectly, any cigarettes or tobacco related objects to a minor."[2] A minor is "any person who is under the age of 18 years."[3] Davis argues that the state failed to prove that the juveniles in this case, who did not testify, were under the age of 18 years. Davis contends that improper hearsay testimony, to which he objected, was introduced to establish their age. We disagree.

Johnson testified that he recognized the older juvenile, knew his name and nickname, and had spoken to him 20 or 30 times. Johnson testified that through his face-to-face dealings with the male in question, he had had opportunities to determine whether or not the male was a minor. Based on his physical observations of the young man, Johnson testified that the juvenile "appeared to me to be less than 18." As to the younger juvenile, Johnson testified that he was "definitely less than 18." "Hearsay evidence is that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons."[4] The officer's testimony about his own observations of the juveniles was not hearsay because its value did not rest on the veracity or competency of the juveniles.[5] Rather, the officer's testimony was a conclusion or opinion based upon his personal observations of the juveniles' characteristics. "Description of one's physical observations and opinions logically flowing therefrom have long been admissible in this state."[6] Accordingly, the trial court did not err in overruling Davis's hearsay objections to the officer's testimony regarding the juveniles' ages. It follows that the evidence was sufficient to sustain Griffin's conviction.[7]

2. In his remaining enumerations of error Griffin asserts that the trial court shifted the burden of proof and denied him the right

---

[2] OCGA § 16-12-171 (a) (1) (A).

[3] OCGA § 16-12-170 (3).

[4] (Punctuation and footnote omitted.) *Gilbert v. State*, 265 Ga. App. 76, 77-78 (2) (593 SE2d 25) (2003).

[5] Id. at 78 (2).

[6] (Citations and punctuation omitted.) *Holton v. State*, 280 Ga. 843, 845 (3) (632 SE2d 90) (2006) (no error in admitting officer's opinion testimony that minor scratches on defendant's face did not likely result from a scuffle).

[7] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

to confront his accusers. These contentions hinge on the assumption that the trial court erroneously admitted hearsay evidence. As we held in Division 1 that the officer's testimony about his own observations of the juveniles was not hearsay, Griffin's arguments fail.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 8, 2009.

*Michael A. Corbin*, for appellant.
*Kermit N. McManus, District Attorney, John S. Helton, Assistant District Attorney*, for appellee.