A09A0557. ROBINSON v. THE STATE.
(679 SE2d 61)

BARNES, Judge.

Gregory Robinson appeals his convictions for trafficking and selling cocaine, arguing that the trial court erred by failing to point out during a recharge that the jury could consider missing evidence in reaching its verdict. Finding no error, we affirm.

On appeal from a criminal conviction, the evidence is reviewed in the light most favorable to the jury's verdict. *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

According to the record, a narcotics officer acting undercover bought cocaine at an apartment from a man named "Joe," who was later identified as Robinson. The police obtained and executed a search warrant a couple of weeks later on the apartment. During the

execution of the warrant, the police seized a large quantity of cocaine and arrested two suspects in addition to Robinson. At trial, the trial court charged the jury as follows on reasonable doubt:

> A reasonable doubt is a doubt of a fair-minded, impartial juror honestly seeking the truth. A reasonable doubt is a doubt based on common sense and reason. A reasonable doubt does not mean a vague or an arbitrary doubt, but a reasonable doubt is a doubt for which a reason can be given. And I instruct you that a reasonable doubt can arise from a consideration of the evidence. A reasonable doubt can arise from a lack of evidence. A reasonable doubt can arise from a conflict in the evidence. Now, if, after giving consideration to all of the facts and all of the circumstances of this case, if you, the jury should find that your minds are wavering, if you should find that your minds are unsettled or unsatisfied, then I instruct you that that is a doubt of the law, and you should acquit, or find the defendant not guilty of that particular offense.

During jury deliberations, the foreperson told the court, "There's really half of everybody wants more evidence, and they can't get over the fact that they have to deal with what's going on in this case and . . . is there any way you could address and let everyone know . . . that they have to deal with what is going on in this case?" The trial court responded:

> What is evidence, who has the burden of proof, what does reasonable doubt mean, circumstantial evidence, direct evidence. I sent out the bulk of my charges, and I think, if you would just read them and remember what I said, it answers your questions. All right. But you do have to base your decision on the evidence that's before you, not what you would have liked to have seen. You can't go back and start making up evidence and things on your own. You have to base your decision, . . . if you can, on the evidence that's presented.

Robinson reserved the right to object to the trial court's response to the jury, and now argues that the recharge kept the jury from considering whether any missing evidence raised a reasonable doubt. He contends the recharge persuaded the jury to believe the detective's statements, instead of considering the lack of evidence that would create "countless holes in his story."

We review jury charges as a whole, and if the charge substan-

tially presents issues in a way unlikely to confuse a jury, we will not disturb a verdict amply authorized by the evidence, even if a portion of the charge is not as clear as possible. *Gathuru v. State*, 291 Ga. App. 178, 180 (661 SE2d 233) (2008); *Herrin v. State*, 229 Ga. App. 260, 262 (493 SE2d 634) (1997). The necessity, extent, and character of any supplemental instruction to the jury are matters within the trial court's sound discretion. See *Litmon v. State*, 186 Ga. App. 762, 763 (2) (368 SE2d 530) (1988).

In this case, the trial court thoroughly defined reasonable doubt in its initial charge and explained that it could arise from a lack of evidence. The jury had a copy of those charges to consider during deliberations, and we conclude that the jury charges taken in their entirety would not mislead a jury of average intelligence to consider only the evidence presented and not consider Robinson's argument that the lack of certain evidence cast doubt upon the detective's credibility. See *Ingram v. State*, 262 Ga. App. 304, 306-307 (3) (585 SE2d 211) (2003). Therefore, we find no abuse of discretion in the trial court's recharge to the jury.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MAY 19, 2009.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.