## A10A1033. TAYLOR v. THE STATE.
### (702 SE2d 28)

MILLER, Chief Judge.

Following a jury trial, Paul J. Taylor was convicted of possession of MDMA[1] ("Ecstasy") with intent to distribute (OCGA § 16-13-30 (b)).[2] Taylor appeals, contending that the trial court erred in denying his motion to suppress and denying his claim of ineffective assistance of counsel. Discerning no error, we affirm.

Upon our review of a trial court's grant or denial of a motion to suppress,

> we apply the well-established principles that the trial court's findings as to disputed facts will be upheld unless clearly erroneous and the trial court's application of the law to undisputed facts is subject to de novo review, keeping in mind that a . . . decision to issue a search warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court.

(Footnote omitted.) *Santibanez v. State*, 301 Ga. App. 121, 126 (1) (686 SE2d 884) (2009).

Viewed in the light most favorable to the verdict (*Drammeh v. State*, 285 Ga. App. 545 (646 SE2d 742) (2007)), the evidence showed that on March 10, 2006, Detective Bill Crockett of the Screven County Sheriff's Office applied for a warrant to search Taylor's home on Beaver Dam Road. The detective's affidavit in support of his warrant application detailed the following: In 2002, the Screven County Sheriff's Office had received numerous anonymous complaints that Taylor sold marijuana from his house in Sylvania, and Taylor was arrested following a traffic stop in which he was a passenger. Upon a search of his person, Taylor possessed more than

[1] MDMA is a Schedule I controlled substance denominated "3, 4-Methylenedioxymethamphetamine." OCGA § 16-13-25 (3) (Z).

[2] A mistrial was declared on trafficking in marijuana based on the jury's inability to reach a unanimous verdict.

$5,900 in cash, secured by rubber bands in $1,000 bundles, which the detective opined to be typical of the practices of drug dealers. Taylor had been convicted of possession of cocaine and possession of cocaine with intent to distribute and had several prior arrests for drug offenses. Two informants, one of whom was known as "Blue," told the detective that Taylor typically engaged in marijuana sales at his house in the late afternoon hours; that he kept large amounts of marijuana in the wood line outside his residence; and that he secured small amounts of marijuana inside his residence. "Blue" had given information that led to the seizure of marijuana within the past five months.

Police investigators verified that Taylor lived at Beaver Dam Road in Sylvania. Between December 2005 and March 10, 2006, Screven County Corporal Brett Dickerson observed a high volume of vehicular traffic at Taylor's home in the afternoon hours during his surveillance activities. On March 3, 2006, Screven County Corporal Tony Monte conducted surveillance of Taylor's home and observed sixteen vehicles enter and leave the driveway in a two-hour span, with no vehicle remaining more than five minutes. Based on the detective's experience, the vehicles' traffic pattern was consistent with drug activity. On March 10, 2006, the detective observed a confidential informant make a controlled buy of marijuana from Taylor at Taylor's home.

Based on the detective's affidavit, the magistrate judge issued a search warrant for Taylor's residence, and during the execution of same, police officers seized, among other things, 75 tablets of MDMA, marijuana, and drug paraphernalia.

During the trial, Taylor submitted a written request to charge on possession of MDMA as a lesser included offense.[3] Although the trial court indicated that it would give such charge, it elected to charge the jury as follows:

> And you will have the back page of your verdict from which you'll note on here, we, the jury, find the defendant, [Taylor], guilty or not guilty of possession of MDMA with intent to distribute. Or if you need to go to the second option as it — possession of MDMA. So you can look at the intent, make your determination. If you need to go on down to just

---

[3] Taylor's request to charge no. 20 stated:
If you do not believe beyond a reasonable doubt that the defendant is guilty of Possession of MDMA with Intent to Distribute, but do believe beyond a reasonable doubt that the defendant is guilty of Possession of MDMA, then you would be authorized to find the defendant guilty of Possession of MDMA, and the form of your verdict in that event would be, "We, the jury, find the defendant guilty of Possession of MDMA."

possession you could make a determination on the possession. We, the jury, find the defendant, [Taylor], guilty or not guilty of possession of MDMA. So the issues in there are intent to distribute and also possession. So you'll have your verdict form.

Taylor's trial counsel did not object to the trial court's charge.

1. Taylor contends that there was insufficient probable cause to issue a warrant to search his home and vehicle for drugs. Taylor specifically claims that the affidavit was insufficient as his 2002 arrest for cocaine possession was stale and the affidavit failed to demonstrate the reliability of the informants and their information. We disagree.

In determining whether probable cause exists, (t)he task of the issuing (court) is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before (it), including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

(Footnote omitted.) *Santibanez*, supra, 301 Ga. App. at 126 (1).

Even assuming that Taylor's 2002 arrest for cocaine possession was stale, the affidavit contained ample facts by which the magistrate could independently evaluate the veracity and reliability of the anonymous informants and their information. See *State v. McKendree*, 188 Ga. App. 290, 291 (372 SE2d 673) (1988) (affidavit must set forth sufficient facts from which the magistrate can independently determine the reliability of both the information and the informant).

"Blue's" information that Taylor sold marijuana from his Beaver Dam Road home; that he stored marijuana in and around his home by amount; and that he conducted drug sales there in the late afternoon hours was corroborated by a second anonymous informant who provided information to the detective three weeks before the warrant application. "Blue's" reliability "could be inferred from the fact that ["Blue"] had previously provided information to the affiant which led to the seizure of [marijuana]" in the past five months. (Citation omitted.) *Ibekilo v. State*, 277 Ga. App. 384, 385 (1) (626 SE2d 592) (2006). Police investigators verified that Taylor lived at Beaver Dam Road, which corroborated information provided by the 2002 informants, "Blue," and another informant that Taylor lived in Sylvania. Evidence of a high volume of vehicular traffic at Taylor's residence consistent with drug activities as recent as one week before the warrant application, and dating back a period of three months,

provided strong corroboration of the informants' veracity and basis of knowledge. See *Powers v. State*, 261 Ga. App. 296, 302 (4), n. 9 (582 SE2d 237) (2003) ("Observations by fellow officers of government engaged in a common investigation are a reliable basis for a warrant applied for by one of their number.") (citations and punctuation omitted). By far, the confidential informant's controlled buy of marijuana from Taylor at his residence on the day the detective applied for the warrant independently confirmed that illegal drug activities were taking place at Taylor's home. Given the totality of the circumstances, the magistrate was authorized to conclude that "there is a fair probability that contraband . . . will be found [at Taylor's home]." (Footnote omitted.) *Santibanez*, supra, 301 Ga. App. at 126 (1). Accordingly, the trial court did not err in denying Taylor's motion to suppress.

2. In the alternative, Taylor argues that his trial counsel was ineffective for failing to object to the trial court's instruction on the lesser included offense of possession of MDMA because it (i) blurred the distinction between the elements of the charged offense and the lesser included offense and (ii) failed to provide the jury with adequate guidelines as to how to consider its verdict with respect to the charged offense and the lesser offense. We are not persuaded.

To prevail on his claim, Taylor

> must prove that his trial counsel's performance was deficient and that this deficient performance prejudiced his defense; that is, whether there is a reasonable probability that the result of the trial would have been different if his trial counsel had requested certain charges or objected to the charges given by the trial court.

(Footnote omitted.) *Gathuru v. State*, 291 Ga. App. 178, 182 (3) (661 SE2d 233) (2008). We review the trial court's determination of the effectiveness of counsel under the clearly erroneous standard. *Holt v. State*, 260 Ga. App. 826, 830 (2) (581 SE2d 257) (2003).

(a) *Whether trial court's charge distinguished the charged offense from the lesser included offense.* Here, the trial court defined the charged offense as follows: "[T]he offense charged in this indictment is a violation of the Georgia Controlled Substances Act which provides that it is unlawful for any person to possess with intent to distribute any quantity of MDMA, which is a controlled substance." The trial court went on to define intent to distribute as the "intent to unlawfully deliver or sell[ ]" and defined "sell" as "to transfer property actually or constructively for consideration either in money or its equivalent." The trial court explained to the jury that possession could be actual or constructive, or sole or joint. Since the

trial court's instruction explained the elements of possession of MDMA with intent to distribute and delineated it from simple possession of MDMA, we disagree that the charge as given failed to distinguish between the charged offense and the lesser offense. As such, Taylor's counsel was not deficient in failing to object to the trial court's charge.

(b) *Whether trial court's charge sufficiently instructed the jury as to its consideration of the charged offense and lesser offense.* When instructing the jury as to its verdict, the trial court referred to the verdict form and stated:

> [W]e, the jury, find the defendant, [Taylor], guilty or not guilty of possession of MDMA with intent to distribute. Or if you need to go to the second option . . . — possession of MDMA. So you can look at the intent, make your determination. If you need to go on down to just possession you could make a determination on the possession. We, the jury, find the defendant, [Taylor], guilty or not guilty of possession of MDMA.

The charge also instructed the jury that the State had the burden of proving "every material allegation of the accusation and every essential element of the crime charged beyond a reasonable doubt."

Viewing the charge as a whole, it made clear the fact that (i) the State bore the burden of proving the elements of possession of MDMA with intent to distribute beyond a reasonable doubt and (ii) the jury should consider Taylor's guilt with respect to the charged offense separately from the lesser included offense, depending on whether it found that Taylor possessed the MDMA with the intent to distribute. Thus, the trial court's charge substantially covered the principles in Taylor's request to charge no. 20 and adequately instructed the jury as to their consideration of the charged offense and the lesser offense. See *Smith v. State*, 291 Ga. App. 389, 391 (2) (662 SE2d 201) (2008) (if the jury charge, "considered as a whole, substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired," a reviewing court will not disturb a verdict which is amply authorized by the evidence) (footnote omitted). Accordingly, Taylor has not shown that his counsel was deficient in this regard.

Even were it otherwise, since there was overwhelming evidence of Taylor's guilt, in that he possessed a distribution amount of MDMA, Taylor cannot show a reasonable probability that the outcome of his trial would have been different. *Gathuru*, supra, 291 Ga. App. at 182 (3); *Holt*, supra, 260 Ga. App. at 829-830 (2).

For these combined reasons, we affirm the trial court's order denying Taylor's motion for new trial.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 23, 2010 — ▮▮▮▮▮▮▮▮

*Robert L. Persse, Renata Newbill-Jallow*, for appellant.

*Richard A. Mallard, District Attorney, Joseph B. Black, Benjamin T. Edwards, Assistant District Attorneys*, for appellee.