**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**June 14, 2013**

# In the Court of Appeals of Georgia

A13A0446. FOUTS v. THE STATE.

MILLER, Judge.

Following a jury trial, Michelle Fouts was convicted of vehicular homicide in the first degree (OCGA § 40-6-393 (a)), possession of methamphetamine (OCGA § 16-13-30 (a)), no proof of insurance (OCGA § 40-6-10 (a) (1)), and operating a motor vehicle without the immediate possession of a driver's license (OCGA § 40-5-29 (a)).[1] Fouts filed a motion for new trial, which the trial court denied. Fouts appealed, and we remanded for the trial court to consider her claims of ineffective assistance of counsel. Fouts amended her motion for new trial on remand, and the trial court denied her amended motion. This appeal followed. Fouts contends that the indictment was

---

[1] Fouts was also found guilty of driving on the wrong side of the road (OCGA § 40-6-40 (a)); however, the trial court merged this count into vehicular homicide count for sentencing purposes.

fatally defective with respect to the no proof of insurance count and that the evidence was insufficient to sustain her conviction on this count. Fouts also contends that the trial court erred in charging the jury on the no proof of insurance count and in failing to sua sponte charge the jury on criminal negligence. Additionally, Fouts contends that she received ineffective assistance of counsel. For the reasons that follow, we find that the evidence was insufficient to support the conviction on the no proof of insurance count and, therefore, reverse that conviction. We affirm the convictions on the remaining counts and conclude that Fouts did not receive ineffective assistance of counsel.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the evidence or judge the credibility of the witnesses, but determine only whether the evidence authorized the jury to find the defendant guilty of the crimes beyond a reasonable doubt in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 [99 SCt 2781, 61 LEd2d 560] (1979).

(Citation and punctuation omitted.) *Wilson v. State*, 318 Ga. App. 37 (733 SE2d 345) (2012).

So viewed, the evidence shows that on April 27, 2005, Fouts was driving a 1987 Dodge Dakota truck along State Route 297–a two lane highway. The conditions of the road were excellent, and it was a clear day. As Fouts pulled around a curve, she

2

crossed the center line and drove in the opposite lane of travel. An oncoming vehicle attempted to avoid Fouts, but the vehicles collided head-on. A Georgia State trooper responded to the scene and found the driver of the other vehicle deceased in his front seat and Fouts lying on the road beside the Dodge pickup. Fouts was receiving emergency medical care and was not verbally responsive.

The responding officer subsequently took an inventory of the Dodge Dakota that Fouts was driving. The officer located Fouts's purse in the back of the truck and during a search of the purse, found a vial containing a substance that later tested positive for methamphetamine. The officer also found Fouts's identification card. Inputting the information listed on Fouts's identification card through the Georgia Crime Information Center, the officer discovered that Fouts had a suspended driver's license. The officer also ran the tag of the Dodge Dakota and determined that it had been issued to another vehicle. The officer did not find proof of insurance inside the Dodge Dakota. The officer subsequently discovered that Fouts did not own the Dodge Dakota, as the title to the vehicle was registered in another individual's name.

The responding officer called the Georgia State Patrol's Specialized Collision Reconstruction Team ("SCRT") to investigate the incident. The officers determined that Fouts's failure to maintain her lane was the sole cause of the collision.

1. Fouts contends that the indictment charging her with no proof of insurance was fatally defective because it was silent as to whether the Department of Revenue's records indicated that the vehicle had required insurance coverage. Her claim is not properly before this Court.

> [A] motion for new trial is ordinarily not the proper method to attack the sufficiency of the indictment. Instead, a claim attacking the legality of an indictment is cognizable in a motion in arrest of judgment or habeas corpus when no demurrer to the indictment is interposed before judgment is entered on the verdict. Otherwise, the claim is improperly before this [C]ourt. [Fouts] has not indicated or cited to any part of the record showing that [s]he objected to the indictment in any manner before judgment or that [s]he moved to arrest the judgment after conviction. Rather, this challenge to the indictment was raised for the first time in an amendment to the motion for new trial filed [almost four years] after the trial court had entered judgment. Thus, it appears that this claim was not properly raised in the lower court and is not properly before us.

(Citations and punctuation omitted.) *Thomas v. State*, 314 Ga. App. 124, 125-126 (2) (723 SE2d 5) (2012). Moreover, even if the amended motion for new trial was "deemed the equivalent of a motion for arrest of judgment, a post-trial means by which a defendant may challenge an indictment as one would do in a general demurrer," the motion in this case was not timely filed because a motion for the arrest of judgment must be filed within the same term of court in which the judgment was rendered. Id. at 126 (2); see also OCGA § 17-9-61 (b). The amended motion in this

4

case was untimely because it was filed almost four years after the term in which judgment was rendered. OCGA § 15-6-3 (16) (C) (Truetlen County Superior Court terms begin on the third Monday in February and August).

2. Fouts also contends that the evidence was insufficient to sustain her conviction for no proof of insurance. We agree.

The indictment in this case charged Fouts with violation of OCGA § 40-6-10 (a) (1) for operating a motor vehicle without having proof of insurance in her immediate possession. OCGA § 40-6-10 (a) (1) provides that

> [t]he owner or operator of a motor vehicle for which minimum motor vehicle liability insurance coverage is required... shall keep proof or evidence of required minimum insurance coverage in the vehicle at all times during the operation of the vehicle. *The owner of a motor vehicle shall provide to any operator of such vehicle proof or evidence of required minimum insurance coverage for the purposes of compliance with this subsection.*

(Emphasis added.) Additionally, proof of insurance is not required to be inside the vehicle if the Department of Revenue database shows that the required minimum insurance coverage for the vehicle was in effect. OCGA § 40-6-10 (a) (3).

Here, the responding officer testified that he did not find any proof of insurance inside the Dodge Dakota. Although the responding officer indicated that the Dodge Dakota had tags registered to another vehicle, he was still able to run a title check on

5

the vehicle to determine that Fouts did not own the vehicle. The officer did not state that he was unable to verify through the Department of Revenue records whether the Dodge Dakota was insured at the time of the accident. Moreover, the evidence presented established that Fouts was not the owner of the vehicle. The plain language of OCGA § 40-6-10 (a) (1) required that the owner of the Dodge Dakota provide Fouts with proof insurance. Indeed, it is the burden of the owner to comply with OCGA § 40-6-10 (a) (1). Consequently, the evidence was insufficient to establish that Fouts violated OCGA § 40-6-10 (a) (1), and we reverse her conviction on this count. Since we reverse the conviction for no proof of insurance, we need not address Fouts's additional complaint about the jury instruction as to that conviction.

3. Fouts contends that even absent a request for a criminal negligence instruction[2] or objection to its omission, the trial court erred in failing to give such an instruction to the jury.

> Because [Fouts] neither requested [the criminal negligence] charge nor objected when the trial court failed to give it, we review the failure to give the charge only for plain error. To prove that the failure to give the charge was plain error, [Fouts] must show that a four-pronged test has

---

[2] "Criminal negligence as used in the statutes of this State means . . . reckless and wanton negligence and of such a character as to show an utter disregard for the safety of others who might reasonably be expected to be injured thereby." (Footnote omitted.) *Wilkes v. State*, 254 Ga. App. 447, 449-450 (562 SE2d 519) (2002).

6

been met: the omission of the charge was erroneous[;] the error was obvious[;] the omission of the charge likely affected the outcome of the proceedings[;] and the error seriously affected the fairness, integrity or public reputation of judicial proceedings.

(Citations and punctuation omitted.) *Anthony v. State*, 317 Ga. App. 807, 811-812 (3) (732 SE2d 845) (2012). Moreover, "[t]he only requirement regarding jury charges is that the charges, as given, were correct statements of the law and, as a whole, would not mislead a jury of ordinary intelligence." (Citation and punctuation omitted.) *Corbin v. State*, 305 Ga. App. 768, 771 (2) (700 SE2d 868) (2010).

We find no plain error here, because the trial court's charge, when read and considered as a whole, did not mislead the jury. Notably, the trial court properly charged the jury on first and second degree vehicular homicide, noting that first degree vehicular homicide required reckless driving, while second degree vehicular homicide did not. The trial court also instructed the jury that reckless driving was committed when a person drives any vehicle in reckless disregard for the safety of persons or property. During deliberations, the jury asked for a definition of vehicular homicide in the first and second degree, and the trial court recharged the jury on first and second degree vehicular homicide, as well as reckless driving. The trial court asked the jurors if they understood the difference between first and second degree

7

vehicular homicide, and the foreperson assured the court that the jury understood the distinction. Considered as a whole, the trial court's charge made clear to the jury that it could convict Fouts of first degree vehicular homicide only if it found that she drove the vehicle in reckless disregard for the safety of persons or property. Moreover, contrary to Fouts's argument, the distinction between first and second degree vehicular homicide is not whether the driver acted with criminal negligence; rather, it is the severity of the underlying traffic offense that distinguishes the two offenses. See *Abernathy v. State*, 191 Ga. App. 350, 351 (2) (381 SE2d 537) (1989). Accordingly, there is no likelihood that the omission of a specific charge on criminal negligence affected the outcome of the trial, and there was no plain error.

4. Fouts contends that trial counsel rendered ineffective assistance and that her attorney on motion for new trial was ineffective in failing to raise the issue.[3]

> To establish an ineffective assistance claim, an appellant must show not only that his counsel's performance was deficient but also that the deficiency so prejudiced him as to create a reasonable probability that but for counsel's errors, the outcome of the trial would have been different. Failure to satisfy both requirements is fatal to an ineffectiveness claim.

(Footnotes omitted.) *Mitchell v. State*, 250 Ga. App. 292, 295-296 (2) (551 SE2d 404) (2001). In reviewing an ineffective assistance claim on appeal, "we accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, while we independently apply the legal principles to the facts." (Footnote omitted.) *Presley v. State*, 307 Ga. App. 528, 529 (1) (705 SE2d 870) (2011).

---

[3] After trial counsel filed the motion for new trial, trial counsel was replaced by another attorney from the Public Defenders' Office. New counsel's brief in support of Fouts's motion for new trial did not assert any claims that trial counsel was ineffective. The trial court denied Fouts's motion for new trial. Appellate counsel was appointed and Fouts appealed. Upon Fouts's request, we remanded the case for the trial court to consider her claims that trial counsel was ineffective. See *Hung v. State*, 282 Ga. 684, 685 (2) (653 SE2d 48) (2007) (remanding to consider ineffectiveness claims raised on appeal because it was the first opportunity to raise such claims where counsel on motion for new trial and trial counsel were from the same public defender's office). On remand, appellate counsel renewed the motion for new trial to add claims that trial counsel was ineffective.

(a) Fouts argues that her trial counsel was ineffective for failing to object to the testimony of two Georgia State troopers – the responding officer and a Specialized Collision Reconstruction Team officer – who both opined that the collision was caused by Fouts's reckless driving.

"A witness generally is not permitted to express his or her opinion regarding an ultimate issue in the case because to do so would invade the fact-finding province of the jury[.]" (Citations and punctuation omitted.) *Medlock v. State*, 263 Ga. 246, 248 (3) (430 SE2d 754) (1993). "Expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the layman." (Footnote omitted.) *Fortner v. Town of Register*, 289 Ga. App. 543, 546 (1) (657 SE2d 620) (2008).

> It has long been recognized that a police officer with investigative training and experience on automobile collisions is an expert . . . . Such an officer is an expert even if he is not trained to reconstruct traffic accidents . . . [and] is allowed to testify about what he observed at the accident scene and to give his conclusions from those observations about what happened (as opposed to which party was at fault).

(Punctuation and footnotes omitted.) Id. at 545 (1). Thus, an investigating officer may testify that one of the drivers was the sole cause of the collision, but he may not opine

10

as to whether the driver was at fault or whether he was negligent. Id. at 546 (1); *Strickland v. Stubbs*, 218 Ga. App. 279, 281 (4) (459 SE2d 473) (1995).

Pretermitting whether trial counsel erred in failing to object to the troopers' testimony that the collision was caused by Fouts's reckless driving, Fouts has failed to demonstrate that any error prejudiced him. "The offense of reckless driving may be committed in a variety of ways, and whether a defendant's manner of driving under the circumstances demonstrated a reckless disregard for the safety of others is a question that is reserved for the jury." (Citation omitted.) *Bautista v. State*, 305 Ga. App. 210, 212 (1) (699 SE2d 392) (2010). There is no dispute that Fouts crossed the centerline and drove into oncoming traffic, providing evidence of her guilt. See *Wright v. State*, 304 Ga. App. 651, 653 (2) (697 SE2d 296) (2010) (crossing centerline and driving into oncoming traffic near a dangerous intersection was evidence of reckless driving); *Morrison v. State*, 272 Ga. App. 34, 41 (5) (611 SE2d 720) (2005) (crossing centerline evidence of reckless driving), overruled on other grounds, *State v. Slaughter*, 289 Ga. 344, 346, n.4 (711 SE2d 651) (2011). In light of this evidence, Fouts has failed to demonstrate that any deficient performance was so prejudicial to her defense that, but for the deficiency, there was a reasonable probability that the outcome of the trial would have been different. See *Fulton v. State*, 278 Ga. 58, 63 (8)

11

(597 SE2d 396) (2004). Therefore, Fouts's claim of ineffectiveness on this ground does not entitle her to relief.

(b) Fouts also contends that trial counsel was ineffective for failing to request a jury charge on criminal negligence because without the charge, the jury did not understand the difference between first and second degree vehicular homicide.

When a defendant raises an ineffective assistance of counsel claim based on counsel's failure to request certain jury charges, the defendant must show that there is a reasonable probability that the result of the trial would have been different if the requested charges had been given. See *Gathuru v. State*, 291 Ga. App. 178, 182 (3) (661 SE2d 233) (2008).

As set forth above in Division 3, the trial court properly charged the jury on first and second degree vehicular homicide, and a charge on criminal negligence would not have helped the jury distinguish the two offenses. Consequently, Fouts cannot show that her trial counsel's failure to request the charge on criminal negligence fell outside the range of reasonable professional conduct. See *Green v. State*, 266 Ga. 758, 760 (2) (b) (470 SE2d 884) (1996); *Gathuru*, supra, 291 Ga. App. at 182 (3). Accordingly, Fouts failed to show that her trial counsel was ineffective on this ground.

12

(c) Fouts also contends that she received ineffective assistance of counsel from the attorney on motion for new trial because counsel did not raise the ineffectiveness claims set forth above. As discussed above, Fouts did not establish that she was denied effective assistance of trial counsel. Therefore, it follows that counsel on motion for new trial was also not constitutionally ineffective in failing to pursue non-viable claims. See *Springs v. Seese*, 274 Ga. 659, 662 (4) (558 SE2d 710) (2002).

In sum, the conviction on no proof of insurance is reversed, and the convictions on the remaining counts are affirmed.

*Judgment affirmed in part and reversed in part. Barnes, P. J., concurs. Ray, J., concurs fully as to Divisions 1, 3, and 4, and concurs in judgment only as to Division 2.*